UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,


        v.                                    3:97-cr-0145

JEFFREY BIANCO,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

        On September 24, 1997, Jeffrey Bianco pleaded guilty to Conspiracy to Possess

with Intent to Distribute and to Distribute Cocaine in violation of 21 U.S.C. § 846.  Bianco was

sentenced to a term of imprisonment, followed by three years of supervised release.  In

December 2000, after Bianco's conviction, Congress passed the DNA Analysis Backlog

Elimination Act, 42 U.S.C. § 14135, et seq. ("DNA Act").  As originally enacted, the DNA Act

did not apply to Bianco because his felony conviction did not fall within the then definition of a

"qualifying Federal offense" at 42 U.S.C. § 14135a(d) (2003).  In 2004, while Bianco was on

supervised release, the DNA Act was amended to include any felony.  Id. (2004).  In light of

this amendment, the U.S. Probation Office ordered Bianco to submit to DNA collection.

Bianco refused.  Based on his refusal, the U.S. Probation Office claims that Bianco has

violated the DNA Act, which provides for a criminal penalty.  See 42 U.S.C. § 14135a(a)(5).

        Bianco claims that he is not subject to the DNA Act as amended because it does

not apply retroactively to persons in Bianco's sitaution.  Bianco argues that Congress did not

expressly intend for the DNA Act to apply retroactively to him.  The Court disagrees.  By its plain terms, the DNA act applies to "an individual on probation, parole, or supervised release . . . who is, *or has been*, convicted of a qualifying Federal offense. . . ."  42 U.S.C. § 14135a(2) (emphasis added).  By providing that the DNA Act and its amendments are to apply to persons on supervised release who have previously been convicted of a Federal felony, Congress clearly contemplated application of the statute to persons in Bianco's situation.  Congress's use of the past tense "has been" can only mean that it was its intention that the DNA Act apply to all past qualifying Federal offenses.

Bianco next argues that application of the DNA Act violates the *ex post facto* clause of the United States Constitution.  This argument has repeatedly been rejected and the Court adopts the reasoning of those other cases.  See Rise v. State of Oregon, 59 F.3d 1556, 1562 (9th Cir. 1995); Jones v. Murray, 962 F.2d 302, 308-10 (4th Cir. 1992); see also Johnson v. Quander, 370 F. Supp.2d 79, 95-99 (D. D.C. 2005); Padgett v. Ferrero, 294 F. Supp.2d 1338, 1344-45 (N.D. Ga. 2003), aff'd, 401 F.3d 1273 (4th Cir. 2005), pet. for certionari filed, 73 U.S.L.W. 3719 (June 2, 2005); United States v. Stegman, 295 F. Supp.2d 542, 547-48 (D. Md. 2003); Vore v. United States Dep't of Justice, 281 F. Supp.2d 1129, 1138 (D. Ariz. 2003); United States v. Reynard, 220 F. Supp.2d 1142, 1157-1162 (S.D. Cal. 2002); Kruger v. Erickson, 875 F. Supp. 583, 589 (D. Minn. 1995), aff'd, 77 F.3d 1071 (8th Cir. 1996); Vanderlinden v. State of Kansas, 874 F. Supp. 1210, 1216 (D. Kan. 1995), aff'd, 103 F.3d 940 (10th Cir. 1996); Gilbert v. Peters, 1994 WL 369643, at *8 (N.D. Ill. 1994), aff'd, 55 F.3d 237 (7th Cir. 1995).  As those cases have noted, the DNA Act was not intended to be punitive, but as a regulatory and law enforcement tool.

For the foregoing reasons, the Court finds that Bianco is subject to the DNA Act and, accordingly, declines to dismiss the Violation Report.  Bianco shall promptly contact his Probation Officer to effectuate compliance with the DNA Act.

IT IS SO ORDERED.

Dated: September 14, 2005

Thomas J. McAvoy
Senior, U.S. District Judge